THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY ANN HENNESSY,<br><br>Defendant. | **MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE**<br><br>Case No. 1:22CR00106 DS<br><br>Judge David Sam |

This matter is before the court on defendant Ashley Ann Hennessy's motions to reduce/modify sentence (ECF Nos. 34, 36, and 38). The government and probation oppose the motions. The court has considered the parties' briefing and finds that Ms. Hennessey has not established extraordinary and compelling reasons to warrant a sentence reduction. The court therefore denies her motions.

On November 9, 2022, Ashley Ann Hennessy was named in a one-count Indictment charging Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. §841(b)(1)(B). As part of Ms. Hennessy's plea agreement, the government filed a one-count Information against her, charging Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C), thus removing the five-year minimum mandatory sentence and changing the statutory sentence of five to forty years to a sentence of not more than twenty years. ECF No. 22.

Ms. Hennessy pled guilty to the one-count Information. ECF No. 25. Pursuant to the written plea agreement and Rule 11(c)(1)(C), the government agreed that Ms. Hennessy's sentence would be 80 months incarceration, followed by 36 months of supervised release. The government also recommended a three-level reduction for acceptance of responsibility and agreed not to file a sentencing enhancement pursuant to 21 U.S.C. § 851. ECF No. 23.

The court accepted the parties' plea agreement and sentenced Ms. Hennessy to 80 months incarceration, less credit for thirteen months that she had been in state custody since her initial appearance, for a total sentence imposed of 67 months, to be followed by a period of supervised release of 36 months. The sentence was imposed concurrently with her state prison sentences in four separate cases. Id., and ECF No. 31 and 32.

###        I.        Ms. Hennessy Has Waived Her Right to Make Her Current Motions.

When Ms. Hennessy entered her change of plea and asked the court to accept her Statement in Advance of Plea of Guilty Pursuant to Rule 11 (c)(1)(C), she submitted the following statement and agreement:

**g. Appeal Waiver.**
(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s)
(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any

motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.[1]

Ms. Hennessey has realized the benefits of her bargain with the government. As the government notes in its opposition to Ms. Hennessey's motions, she faced a mandatory prison sentence of not less than five years and not more than forty years, followed by four years of supervised release. The §851 enhancement, which was possible, would have changed her minimum sentence to ten years. In addition, her original guideline based on the drugs she possessed, her criminal history, and her career offender status would have been 151 to 188 months.

The bargain that she entered into with the government resulted in an imposed sentence that was 71 months below the low end of the applicable guideline with no minimum mandatory sentence. The court agrees with the government that Ms. Hennessy should not now, two years post sentencing, be allowed to re-write her agreement with the government, seeking a further reduction of the very sentence she agreed to. Further, she waived her rights under 18 U.S.C. § 3742 and 18 U.S.C. § 3582(c)(2), the very sections she cites in her motions to this court seeking reconsideration. Because she never sought to withdraw her plea or filed any appeal, her waiver remains in place and valid, cannot be withdrawn, and prohibits the motion she has filed.

---

[1] ECF No. 23, Statement by Defendant in Advance of Plea of Guilty and Plea Agreement . . ., p. 5, ¶12.g.

## II.    Ms. Hennessey's Requested Relief is Unavailable

Ms. Hennessy's reliance on 18 U.S.C. § 3742(e) is misplaced because the statute is restricted to the context of appellate review of a sentence. Section 3742(e) is found in Chapter 235 of Title 18, which is named "Appeal." The opening line of § 3742(e) begins by stating, "Upon review of the record, the court of appeals shall determine whether the sentence…." Section 3742(e) does not give a district court plenary jurisdiction to resentence based upon post-sentencing rehabilitation programming, nor for any other reason. Simply stated, § 3741(e) is not a legal mechanism for resentencing before the District Court.

Ms. Hennessy's reliance on *Pepper v. United States*, 131 S.Ct. 1229 (2011), is similarly misplaced. The Supreme Court's decision in Pepper governs a district court resentencing on remand. The Supreme Court explained: "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing…." Id. at 1241. Here, Defendant's case has not been remanded for resentencing, so *Pepper* does not apply.

A limited exception to the general rule prohibiting federal courts from modifying a term of imprisonment once it has been imposed is found at 18 U.S.C. § 3582(c)(1). The statute is often referred to as "compassionate release." If Ms. Hennessy intended her motion to be one for compassionate release, she has failed to meet the burden of proof. She has not made available any records indicating that she petitioned the BOP for compassionate release, so she has not exhausted all administrative remedies before the Bureau of Prisons, and she has failed to demonstrate extraordinary and compelling circumstances to justify a reduced sentence.

The court commends Ms. Hennessy for making good use of her time while incarcerated by completing numerous classes and encourages her to continue to do so. However, as part of her plea agreement with the government, she waived her right to make her current motions. Also, this court has no jurisdiction to resentence under §3742, as this is not a case on remand from appeal. And if Ms. Hennessy intended to seek "compassionate release," she has failed to exhaust all administrative remedies before the Bureau of Prison and has failed to establish extraordinary and compelling circumstances to justify a reduced sentence.

### III.    Conclusion

The court finds that Ms. Hennessy is not entitled to resentencing and hereby denies all her motions to reduce/modify sentence. ECF Nos. 34, 36, and 38.  SO ORDERED.

DATED this  11<u>th</u> day of August, 2025.

                                        BY THE COURT:

                                        _____
                                        David Sam
                                        United States District Court Judge